IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MILDRED ROBINSON o/b/o ) | |
| ANTWAAN T. ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:04cv709-CSC |
| ) | WO |
| JO ANNE B. BARNHART ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

**I.  INTRODUCTION**

Plaintiff Mildred Robinson filed an application for supplemental security income benefits under Title XVI on behalf of her son, Antwaan Robinson, (hereinafter referred to as "Antwaan" or "claimant").  Antwaan was found disabled on July 2, 2001, with an onset date of April 1, 2001, solely on the basis of his birth weight.  (R. 15).  Upon subsequent periodic review of his medical condition, the Commissioner determined that Antwaan's disability ceased as of September 2002, and, therefore, his entitlement to disability benefits ceased in November 2002.[1]  (*Id.*)

The plaintiff filed this action to review the final judgment by Defendant Jo Anne B. Barnhart, Commissioner of Social Security, in which she determined that Antwaan has

---

[1] The *Personal Responsibility and Work Opportunity Reconciliation Act of 1996* requires the Commissioner to conduct a review of Antwaan's medical condition within one year of his birth because his initial eligibility was based on his low birth weight.  *See* Pub. L. No. 104-193, 110 Stat. 2105, 2188 (1996).

experienced medical improvement, is no longer "disabled" and, therefore, is not entitled to supplemental security income benefits. Antwaan's request for reconsideration was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ determined that Antwaan was no longer under a disability as defined in the Social Security Act.[2] That opinion became the final opinion of the Commissioner when the Appeals Council denied a request for review. This lawsuit followed. The court has jurisdiction over this lawsuit under 42 U.S.C. §§ 405(g) and 1383(c)(3).[3] The parties have consented to the United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment, pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1. Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner is due to be affirmed.

## II. STANDARD OF REVIEW

In 1996, the President signed into law the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, which included a new standard for defining child disability under the Social Security Act. *See* Pub. L. No. 104-193, 110 Stat. 2105, 2188 (1996). The revised statute provides that an individual under 18 shall be considered disabled

---

[2] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

[3] Title 42 U.S.C. §§ 405(g) and 1383(c)(3) allow a plaintiff to appeal a final decision of the Commissioner to the district court in the district in which the plaintiff resides.

"if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(I) (1999). The sequential analysis for determining whether a child claimant is disabled is as follows:

1. If the claimant is engaged in substantial gainful activity, he is not disabled.

2. If the claimant is not engaged in substantial gainful activity, the Commissioner determines whether the claimant has a physical or mental impairment which, whether individually or in combination with one or more other impairments, is a severe impairment. If the claimant's impairment is not severe, he is not disabled.

3. If the impairment is severe, the Commissioner determines whether the impairment meets the durational requirement and meets, medically equals, or functionally equals in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. If the impairment satisfies this requirement, the claimant is presumed disabled.

*See* 20 C.F.R. § 416.924(a)-(d) (1997).

The Commissioner's regulations provide that if a child's impairment or impairments are not medically equal, or functionally equivalent in severity to a listed impairment, the child is not disabled. *See* 20 C.F.R. § 416.924(d)(2) (1997). In reviewing the Commissioner's decision, the court asks only whether her findings concerning the steps are supported by substantial evidence. *See Brown v. Callahan*, 120 F.3d 1133 (10th Cir. 1997).

The sections of the PRWORA relating to reconsideration and cessation of SSI benefits

for persons under the age of 18 provide as follows:

> (4) A recipient of benefits based on disability under this subchapter may be determined not to be entitled to such benefits on the basis of a finding that the physical or mental impairment on the basis of which such benefits are provided has ceased, does not exist, or is not disabling only if such finding is supported by –
>
>> . . .
>
>> (B) in the case of an individual who is under the age of 18 –
>
>> (i) substantial evidence which demonstrates that there has been medical improvement in the individual's impairment or combination of impairments, and that such impairment or combination of impairments no longer results in marked and severe functional limitations; or
>
>> i) substantial evidence which demonstrates that, as determined on the basis of new or improved diagnostic techniques or evaluations, the individual's impairment or combination of impairments, is not as disabling as it was considered to be at the time of the most recent prior decision that the individual was under a disability or continued to be under a disability, and such impairment or combination of impairments does not result in marked and severe functional limitations; or
>
>> (C) in the case of any individual, substantial evidence (which may be evidence on the record at the time any prior determination of the entitlement to benefits based on disability was made, or newly obtained evidence which relates to that determination) which demonstrates that a prior determination was in error.

42 U.S.C. § 1382c(a)(4)(B).

The ALJ considered all of the evidence available in the record before him and on the basis of that evidence concluded that Antwaan is not disabled.  Under the PRWORA that approach was not error in this case.

### III.  ADMINISTRATIVE PROCEEDINGS

Antwaan was 2 years old at the time of the hearing before the ALJ. (R. 330). He was born prematurely, at only 26 weeks gestation. (R. 136). As a result of his premature birth, Antwaan's birth weight was significantly low; he weighed only 683 grams at birth. (R. 16, 134). It was on this basis that Antwaan originally was found disabled. Antwaan's mother alleges that Antwaan remains disabled due to his inability to eat table food, delayed speech, unstable walking[4] and hearing loss in the left ear. (R. 43).

Following the administrative hearing, the ALJ found that Antwaan has severe impairments of developmental disorder secondary to premature birth, restrictive airway disease and GERD.[5] (R. 30). The ALJ also found that Antwaan had experienced medical improvement since the prior favorable decision and that his impairments did not meet or medically equal any listed impairment. (R. 29-30). The ALJ concluded that Antwaan's impairments, when considered singly or in combination, did not meet or medically equal in severity the criteria for any impairment listed at 20 CFR, part 404, Subpart P, Appendix 1. (R. 30). Accordingly, the ALJ determined that Antwaan was not disabled. (*Id.*)

## IV. ISSUES

The plaintiff presents three issues for the Court's review. As stated by the plaintiff, they are as follows:

1.  Whether the ALJ failed to properly consider the results of the Bayley Scales of Infant Development performed by Dr. Hammock.

---

[4] The claimant's mother described Antwaan's walking as "funny." (R. 43).

[5] GERD is the medical abbreviation for Gastroesophageal Reflux Disease

      2.      Whether the ALJ failed to properly evaluate the effects of Antwaan's treatment.

      3.      Whether the ALJ failed to properly evaluate the opinion of Dr. Cocoris, the DDS non-examining, consulting physician.

## V. DISCUSSION

The ALJ, in his opinion, followed the new regulations' three steps as listed above when he analyzed Antwaan's claim. After doing so, he concluded that Antwaan is not disabled and therefore denied his claim for supplemental security income. Under the first step, the ALJ found that Antwaan is not engaged in substantial gainful activity. At the second step, the ALJ found that Antwaan has "severe" impairments of developmental disorder secondary to premature birth, reactive airway disease and GERD. (R. 30). Next, at step three, the ALJ found that Antwaan does not have an impairment, individually or in combination, that meets or medically equals any of the impairments listed in Appendix 1 of 20 C.F.R. Part 404, Subpart P. (*Id*.). The ALJ concluded that "medical improvement has occurred since the most recent favorable determination or decision." (R. 19). Antwaan was initially found to be disabled solely due to low birth weight. The medical evidence clearly demonstrates that Antwaan is no longer suffering from low birth weight. Consequently, the ALJ's determination that medical improvement has occurred is supported by substantial evidence. Thereafter, because Antwaan's impairments "were not previously found at the most recent favorable determination or decision to be attended with the same or equivalent signs and findings" as found in the Listings, the ALJ determined whether Antwaan was currently disabled. (R. 19). The ALJ's two-fold approach in this case is not erroneous under

the PRWORA.

Antwaan was initially found to be disabled due to low birth weight. When Antwaan was born prematurely on April 16, 2001, he weighed only 683 grams. (R. 134). On November 6, 2001, Dr. Bennett Pearce, a pediatric physician, noted that although he was premature, Antwaan was "doing well at home." (R. 143).

On October 4, 2001, Antwaan underwent an occupational therapy evaluation. (R. 200-02). At that time, occupational therapy was recommended to address Antwaan's physical and cognitive developmental delays. (*Id.*).

On November 29, 2001, medical records indicate that "Antwaan is vocalizing so well today and doing just beautifully." (R. 240). On January 16, 2002, it was noted that Antwaan was "doing well considering the medical problems that he has had." (R. 235).

On February 26, 2002, Antwaan underwent a hearing evaluation at University of Alabama Birmingham School of Medicine ("UAB"). (R. 141). Although Antwaan had "normal hearing sensitivity for the frequency range of 1000 - 6000 Hz[,] Distortion Product Otoacoustic Emissions were not within normal limits for the left or right ear indicating possible cochlear dysfunction." (R. 141). Antwaan's developmental progress was described as "remarkable." (*Id.*).

Medical records for April 24, 2002, indicate that Antwaan was "doing very well" and that he had "[g]ood growth and development." (R. 222).

On May 9, 2002, Antwaan was seen in a follow-up visit by the Newborn Follow-up

Clinic in Birmingham, Alabama.[6]  At that time, Antwaan was described as "strong – social and happy – doing great!"  (R. 217).  Results of the Denver Developmental Screening Test and Amiel-Tison Neurological Exam were normal.  (R. 218).

On July 19, 2002, Antwaan was seen by Dr. Virginia Dragsten.  (R. 214-15).  At that time, Dr. Dragsten opined that "[t]he child is doing very well.  His development is extremely good given where he came from and how small he was and the fact that he was born with congenital CMV.  His hearing has been established as normal."  (R. 215).

In August, 2002, Antwaan was hospitalized with an acute asthma exacerbation but was doing well upon discharge.  (R. 147).

On September 5, 2002, Antwaan underwent a consultative examination by Dr. Curry Hammack.  (R. 176-78).  Although Antwaan's performance on the Bayley Scales of Infant Development indicated that he was developmentally at 11 - 12 months old, Antwaan's health was "reasonably good."  (*Id.*).  Dr. Hammack concluded that Antwaan's test scores indicated

> generalized delays in . . . Language Comprehension/Expressive Skills . . . [h]owever, he does seem to be on the verge of moving into talking with single words. . . .  In the Motor areas, . . . again, [he] is behind as he requires some assistance in walking.  However, it is felt that his Motor Skills will take off nicely pretty soon. . . .  With appropriate intervention, his prognosis will be reasonably good.

(R. 178).

On September 23, 2002, Antwaan was seen by Dr. Maldonado for respiratory distress. (R. 209).  He was diagnosed with and treated for reactive airway disease (asthma).  (*Id.*)  On

---

[6] Antwaan participates in a Neonatal Intensive Care Follow-up Program at UAB.  (R. 216).

September 26, 2002, in a follow-up visit, Antwaan was diagnosed with and treated for an upper respiratory infection. (R. 208).

On October 15, 2002, Antwaan was seen by Dr. Maldonado. At that time, he was medically stable, alert and in no distress. (R. 207).

On November 15, 2002, Antwaan was evaluated by Children's Rehab and Therapy Services, in Dothan Alabama. (R. 189 - 193). His muscle tone and strength were normal and it was noted that Antwaan had begun walking two weeks earlier. (R. 190). Occupational therapy was recommended to address Antwaan's developmental delays. (R. 191).

On September 23, 2003, Antwaan underwent another consultative examination at the request of the Social Security Administration. (R. 319-321). Although Antwaan's mother complained about his failure to eat anything other than baby food, Dr. Crawford noted that Antwaan "is a well developed, healthy looking black male who runs around the office very well and appears to be doing well in all respects." (R. 320). Dr. Crawford opined that Antwaan was a normal, well developed, healthy male. (R. 321).

In this case, the plaintiff argues that the ALJ erred as a matter of law because he did not properly evaluate Antwaan's scores on the Bayley Scales of Infant Development. The plaintiff further argues that the ALJ failed to properly consider the effects of Antwaan's treatment and the ALJ failed to properly consider the opinion of Dr. Cocoris, a non-examining consultative physician. The plaintiff is entitled to no relief.

It is clear from a review of the record that the ALJ considered all of the evidence available in the record before him and on the basis of that evidence concluded that medical

improvement has taken place because Antwaan's weight had improved and that Antwaan is not presently disabled. The ALJ considered Antwaan's functional limitations and concluded that any limitations were less than marked. Furthermore, the ALJ properly considered all of Antwaan's impairments and concluded that Antwaan "does not have a medically determinable physical or mental impairment (or combination of impairments) which results in marked or severe functional limitations." (R. 30). All of Antwaan's treating physicians and the examining consultative physicians note his remarkable developmental progress, despite his extreme prematurity. (R. 141, 143, 176-78, 214-15, 217-18, 222, 234-35, 240, 255-56, 258, 260, 268, 320-21).

Pursuant to the substantial evidence standard, this court's review is a limited one; the entire record must be scrutinized to determine the reasonableness of the ALJ's factual findings. *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992). Given this standard of review, the court finds that the ALJ's detailed explanation of Antwaan's improvement and his present limitations, coupled with his analysis of the Antwaan's complete medical history, was reasonable and supported by substantial evidence.[7]

## V. Conclusion

---

[7] To the extent that the plaintiff complains that the ALJ did not properly consider the opinion of Dr. Cocoris, a non-examining physician, she is entitled to no relief on this basis. First, Dr. Cocoris concluded that medical improvement has occurred. (R. 188). Second, as the plaintiff recognizes, the opinion of a non-examining reviewing physician is entitled to little weight and, taken alone, does not constitute substantial evidence to support an administrative decision. *Swindle v. Sullivan*, 914 F.2d 222, 226 n. 3 (11th Cir. 1990), Finally, in accordance with the well-settled law in this circuit, the ALJ accorded "substantial weight" or "considerable weight" to the opinion, diagnosis, and medical evidence of the claimant's treating physicians and concluded that Antwaan is not disabled. *See Jones v. Bowen,* 810 F.2d 1001, 1005 (11th Cir. 1986); *Broughton v. Heckler*, 776 F.2d 960, 961 (11th Cir. 1985).

Accordingly, for the reasons as stated, and for good cause, the court concludes that the Commissioner's determination is due to be AFFIRMED. A separate final judgment will be entered.

Done this 10th day of May, 2005.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE